D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

DONALD CALAMAN, TOBY CALAMAN,
CITIBANK, N.A., RUTH CALAMAN, trustee
on behalf of 121 MARLBOROUGH ROAD
TRUST and THE NEW HAVEN TRUST,
CAPITAL ONE BANK, NA, and NEW YORK
DEPARTMENT OF TAXATION AND
FINANCE,

Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**15-CV-180 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 13, 2015, the United States of America (the "Government") brought this action to enforce federal tax liens encumbering Defendant Donald Calaman's interest in certain real property. (See Compl. (Dkt. 1).) On March 15, 2016, the Government moved for a default judgment against Defendant New York Department of Taxation and Finance ("NYDTF") (the "Motion"). (See Mot. for Default J. (Dkt. 34).) The Motion requests that a default judgment be entered in favor of the Government and against NYDTF declaring (i) that the Government's federal tax liens are superior to NYDTF's interest in the real property located at 121 Marlborough Road, Brooklyn, New York (the "Marlborough Road Property") and in the proceeds of any sale of the Marlborough Road Property, and (ii) that NYDTF's interest in the Marlborough Road Property shall be extinguished upon the sale of the property. (See Proposed Order (Dkt. 34-4).)

By Order dated April 5, 2016, the court referred the Motion to Magistrate Judge Peggy Kuo for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and

1

Federal Rule of Civil Procedure 72(b)(1). (Apr. 5, 2016, Order Referring Mots.) On November 16, 2016, Judge Kuo issued an R&R recommending that the court deny the Government's Motion without prejudice because service on NYDTF was not timely or, if service is found to be proper or its timeliness is cured, the court grant the Motion. (R&R (Dkt. 43) at 2.)

No party has objected to Judge Kuo's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 16 ("Written objections to this Report and Recommendation must be filed within 14 days of service of this report. . . . Failure to file objections within the specific time waives the right to appeal any order or judgment entered based on this Report and Recommendation . . . .").)[1] Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in part and, in light of the fact that the Government has cured the service issues identified in the R&R, GRANTS the Government's Motion for Default Judgment against NYDTF. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

I. DISCUSSION

    a. **Service on Defendant NYDTF**

"[D]efault judgment can only be contemplated if the court has jurisdiction over the defendant and the defendant has been served with process properly." First Tennessee Bank Nat. Ass'n v. Thause, No. 11-CV-2219 (NGG) (ALC), 2011 WL 4543869, at *2 (E.D.N.Y. Sept. 28, 2011). Judge Kuo correctly found that

---

[1] On January 10, 2017, the Government filed proof of service of the R&R on NYDTF. (Certificate of Serv. (Dkt. 51).)

> service on NYDTF [on January 22, 2016] was valid under CPLR § 307(2)[2] in that the Summons was delivered to a person designated by the NYDTF to receive service of process. See CPLR § 307(2). However, such service was made long after the May 13, 2015 cutoff date for service, and the docket sheet reflects that [the Government] never requested an extension of time to serve NYDTF.

(R&R at 10.) After Judge Kuo issued the R&R, the Government conceded that service of process was not completed until after the deadline and moved for an extension of time to serve NYDTF nunc pro tunc. (See Gov't's Mot. for Extension of Time (Dkt. 45).) Upon a showing of good cause, this court granted the nunc pro tunc extension. (Order (Dkt. 47).) Accordingly, the court finds that the service of process issues identified in the R&R have been cured, and NYDTF has been properly served with the Summons and Complaint in this action.

### b. Priority of the Government's Liens Against Donald Calaman Over NYDTF's Interest in the Marlborough Road Property and Extinguishment of NYDTF's Interest

Having concluded that the Government's untimely service was cured through a nunc pro tunc extension, the court next examines the substance of the Motion and whether the factual allegations in the Complaint "provide a proper basis for liability and relief." See Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Judge Kuo found that the Government's federal tax liens against Donald Calaman are superior to NYDTF's interest in the Marlborough Road Property and recommended that any interest of NYDTF in the Marlborough Road Property

---

[2] Section 307(2) of the New York Civil Practice Law and Rules applies here pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(j)(2) ("A . . . state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." (emphasis added)).

3

be deemed extinguished upon sale of the property.[3] (See R&R at 14-16.) Finding no clear error, the court adopts this portion of the R&R in full.

## II. CONCLUSION

In light of the fact that the Government has cured the service issues identified in the R&R, the R&R is ADOPTED in part and the Government's Motion for Default Judgment against NYDTF (Dkt. 34) is GRANTED. NYDTF is hereby adjudged to have no right, title, claim, or lien interest in the Marlborough Road Property. The Clerk of Court is respectfully DIRECTED to enter judgment against NYDTF in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
February 2, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] On December 1, 2016, the court ordered the sale of the Marlborough Road Property. (Order (Dkt. 50).)