D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

DONALD CALAMAN; TOBY CALAMAN;
CITIBANK, N.A.; RUTH CALAMAN,
TRUSTEE, on behalf of 121 MARLBOROUGH
ROAD TRUST; RUTH CALAMAN, TRUSTEE,
on behalf of THE NEW HAVEN TRUST;
CAPITAL ONE BANK, NA; and NEW YORK
DEPARTMENT OF TAXATION AND
FINANCE,

                Defendants.
---------------------------------------------------------------------X

**ORDER**

**15-CV-180 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 13, 2015, Plaintiff the United States of America (the "Government") brought this action to enforce federal tax liens encumbering Defendant Donald Calaman's interest in certain real property. (See Compl. (Dkt. 1).) On March 15, 2016, the Government moved for a default judgment against Defendant New York Department of Taxation and Finance (the "Motion"). (See Mot. for Default J. (Dkt. 34).) The Motion requested that a default judgment be entered in favor of the Government and against NY Department of Taxation and Finance declaring (i) that the Government's federal tax liens are superior to NY Department of Taxation and Finance's interest in the real property located at 121 Marlborough Road, Brooklyn, New York (the "Marlborough Road Property") and in the proceeds of any sale of the Marlborough Road Property, and (ii) that NY Department of Taxation and Finance's interest in the Marlborough Road Property shall be extinguished upon the sale of the property. (See Proposed Order (Dkt. 34-4).)

1

By Order dated April 5, 2016, the court referred the Motion to Magistrate Judge Peggy Kuo for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 5, 2016, Order Referring Mots.) On November 16, 2016, Judge Kuo issued an R&R recommending that the court should only grant the Motion if the Government cured certain defects in service. (R&R (Dkt. 43) at 2.) On February 2, 2017, this court adopted Judge Kuo's R&R in part and, in light of the fact that the Government had cured the service issues identified in the R&R, granted the Government's Motion for Default Judgment against NY Department of Taxation and Finance (the "Default Judgment Order"). (Order re R&R (Dkt. 53).)

Before the court now is the Government's Motion to Correct the Case Caption from "NY Department of Taxation and Finance" to "New York State Department of Taxation and Finance." (Mot. to Amend Case Caption (Dkt. 55) at 1.) The Government explains that the Summons and Complaint in this action abbreviated Defendant New York State Department of Taxation and Finance to "NY Department of Taxation and Finance." (Id. at 3.) New York State Department of Taxation and Finance was served and properly made a party to this action, however. (Id.) Furthermore, in addition to the Summons and Complaint, New York State Department of Taxation and Finance was served by certified mail with the Government's Motion for Default Judgment and Judge Kuo's R&R. (Id. at 3-4.)

Because the proper entity, New York State Department of Taxation and Finance, was both (1) served with the Summons and Complaint and (2) notified of the Government's Motion for Default Judgment,[1] the court finds that New York State Department of Taxation and Finance will not be prejudiced by an amendment of the case caption. Accordingly, the court GRANTS

---

[1] (See Return of Summons (Dkt. 27); Mot. for Default J. (Dkt. 34) at ECF p.5; Cert. of Serv. (Dkt. 51).)

the Government's Motion to Correct the Case Caption (Dkt. 55). See Garg v. Winterthur, 525 F. Supp. 2d 315, 317 (E.D.N.Y. 2007) ("Courts have been inclined to allow amendment where the proper entity is served, though incorrectly named, absent a showing of prejudice."); United States v. Edwards, 241 F.R.D. 146, 149 (E.D.N.Y. 2007) (allowing amendment under the "misnomer rule" where "it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended" (internal quotation marks and citation omitted)).

Moreover, the court finds that the analysis in its February 2, 2017, Default Judgment Order applies with equal force to New York State Department of Taxation and Finance. New York State Department of Taxation and Finance is therefore ADJUDGED to have no right, title, claim, or lien interest in the real property located at 121 Marlborough Road, Brooklyn, New York.

The Clerk of Court is respectfully DIRECTED to (1) amend the caption to list "New York State Department of Taxation and Finance" instead of "NY Department of Taxation and Finance"; and (2) enter default judgment against New York State Department of Taxation and Finance, in accordance with this Order as well as the court's prior Memorandum & Order, dated February 2, 2017 (Dkt. 53).

SO ORDERED.

Dated: Brooklyn, New York
February 6 , 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge