D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

DONALD CALAMAN; TOBY CALAMAN;
CITIBANK, N.A.; RUTH CALAMAN,
TRUSTEE, on behalf of 121 MARLBOROUGH
ROAD TRUST; RUTH CALAMAN, TRUSTEE,
on behalf of THE NEW HAVEN TRUST;
CAPITAL ONE BANK, NA; and NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE,

                Defendants.

MEMORANDUM & ORDER

15-CV-180 (NGG) (PK)

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On January 13, 2015, the United States of America (the "Government") brought this action pursuant to, inter alia, 26 U.S.C. § 7403,[1] to enforce federal tax liens encumbering Defendant Donald Calaman's interest in certain real property at 121 Marlborough Road, Brooklyn, New York (the "Marlborough Property"). (See Compl. (Dkt. 1).) The Complaint named the following additional defendants, alleging that they "may have an interest" in the Marlborough Property: Donald Calaman's wife, Toby Calaman; Ruth Calaman, as trustee on behalf of the 121 Marlborough Trust and the New Haven Trust; Citibank, NA ("Citibank"); Capital One; Capital One Bank, NA; and the New York State Department of Taxation and

---

[1] 26 U.S.C. § 7403(c) provides that in an action to enforce a lien,

> [t]he court shall, after the parties [having liens upon or claiming any interest in the property involved in the action] have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

1

Finance (the "NYSDTF"). (See id. ¶¶ 4-10, 22.) Before the court is the Government's Unopposed Motion to Distribute Sales Proceeds from the Marlborough Property (the "Motion"). (Mot. for Disbursement of Funds ("Mot.") (Dkt. 59).) For the following reasons, the Motion is GRANTED.

I. BACKGROUND

   a. Disposition of Claims

The Government entered into a stipulated agreement (the "Calaman Defendants Stipulation") with Defendants Donald Calaman, Toby Calaman, and Ruth Calaman, as trustee on behalf of the 121 Marlborough Trust and the New Haven Trust (the "Calaman Defendants"), which was so-ordered by the court on February 25, 2016. (Stip. ("Calaman Defs. Stip.") (Dkt. 33).) The Calaman Defendants Stipulation provides, inter alia, that (1) the Marlborough Property will be sold through a court-appointed receiver; (2) the Government shall receive a total of $850,000 from the net proceeds[2] from the sale of the Marlborough Property; and (3) if the net proceeds exceed $850,000, "any remaining balance shall be paid to the 121 Marlborough Road Trust." (Id. ¶¶ 3, 5.) Donald Calaman entered into a stipulation with Citibank, which was so-ordered by this court on October 7, 2016, in which Citibank agreed to release any claims asserted against Donald Calaman or any assets in this action. (Stip. & Order (Dkt. 41).)

On November 23, 2016, the court granted the Government's motion to dismiss Capital One as a defendant.[3] (Order (Dkt. 49).) The court entered default judgment against the

---

[2] "Net proceeds shall be the total sale price of the Marlborough Property less payment of all costs associated with the Marlborough Sale, including receiver's fees, New York State and New York City real estate transfer taxes, including the 'mansion tax', real estate taxes, and the mortgage owed on the Marlborough Property." (Calaman Defs. Stip. ¶ 5.)

[3] The Government explained that "Capital One should not have been listed as a party and it has no interest in any of the properties at issue in this suit. The listing of Capital One in the case caption was an error. The proper party to the suit is Capital One Bank, NA." (Mot. to Dismiss (Dkt. 46).)

remaining defendants, Capital One Bank, NA and the NYSDFT. (Corrected Default J. (Dkt. 58).) Pursuant to those default judgments, Capital One Bank, NA and the NYSDTF have no right, title, claim, or lien interest in the Marlborough Property. (Id.; see also Order re Report and Recommendation (Dkt. 53); Order re Report and Recommendation (Dkt. 54); Order re Mot. to Correct Case Caption (Dkt. 56).)

### b. Sale Transaction

On May 2, 2016, the court approved the Government's motion to appoint Jonathan Mellon ("Mellon") as receiver of the Marlborough Property. (Order ("Receiver Order") (Dkt. 38).) On December 1, 2016, the court entered an order confirming the sale of the Marlborough Property to Michael Gantcher and Christina Gantcher (the "Buyers") for a purchase price of $2,150,000 (the "Sale Order"). (Order (Dkt. 50).) The Sale Order provided that upon full payment of the purchase price, the Marlborough Property would be transferred to the Buyers "free and clear of any rights, titles, claims, or interests of any of the parties to this action," and that "[t]he proceeds of the sale shall be distributed in accordance with a future order of this [c]ourt." (Id. at 2.)

The Government has made the following representations with respect to the sale of the Marlborough Property: (1) the "final closing of the Marlborough Property was completed and the sales proceeds, less taxes and adjustments at closing, are being held in escrow in the [Interest on Lawyers Trust Account ("IOLTA")] of Frankfurt Kurnit Klein & Selz PC"; (2) "upon receipt of the funds, a receiver's deed was issued from Receiver Jonathan Mellon transferring the Marlborough Property to [the Buyers]"; (3) the proceeds from the sale of the Marlborough Property "were distributed at closing for NYC Transfer taxes, NYS transfer taxes and fees to prevent further accruals"; (4) "[a]fter proration of property taxes in the amount of $618.93, credit

for fuel oil of $182.88 and payment to local taxing authorities plus fees, there are excess sales proceeds of $2,111,232.50 to distribute." (Mot. ¶ 2-3.)

## II. MOTION TO DISTRIBUTE SALES PROCEEDS

The Government requests that the court order that the excess sales proceeds of $2,111,232.50 be distributed as follows: (1) $107,500 to Mellon "for Receiver's commission"; (2) $850,000 to the Government "for application to Donald Calaman's unpaid federal tax liabilities"; and (3) the remaining $1,153,732.50 to "Ruth Calaman Trustee, on behalf of the 121 Marlborough Road Trust." (Mot. ¶ 4.)

Pursuant to the court's May 2, 2016, Order, appointing Mellon as receiver of the Marlborough Property, Mellon is entitled to receive 5% of the "gross sales proceeds" from the sale of the Marlborough Property, unless the buyer is not represented in the sale transaction, in which case he is entitled to 4% of the gross sales proceeds. (Receiver Order ¶ 8.) The Buyers were represented by Stuart Serota, Esq. of Kaufman and Serota, P.C. in connection with the purchase of the Marlborough Property. (See Aff. of Jonathan Mellon (Dkt. 60-1) ¶¶ 5, 6, 9.) Accordingly, the court finds that Mellon is entitled to 5% of the gross sales proceeds, i.e., $2,150,000, which is equivalent to $107,500.

Pursuant to the Calaman Defendants Stipulation, the Government is entitled to $850,000 from the net proceeds of the sale of the Marlborough Property, and the 121 Marlborough Road Trust is entitled to "any remaining balance" if the net proceeds exceed $850,000. (Calaman Defs. Stip. ¶ 5.) Under the Calaman Defendants Stipulation, the "net proceeds" consist of the total sale price of the Marlborough Property—i.e., the $2,150,000 purchase price and seller's credit in the amount of $801.81 (for property taxes and fuel oil) (see Ex. 1 to Mot. (Dkt. 59-1) at ECF p.1)—less payment of all costs associated with the Marlborough Sale, including: $107,500 in receiver's fees, as explained above; and $39,569.31 in New York State and New York City

4

real estate transfer taxes (see id. at ECF p.2). (Calaman Defs. Stip. ¶ 5.) Net proceeds therefore amount to $2,003,732.50. The court finds that the Government is entitled to $850,000 from these net proceeds. The 121 Marlborough Road Trust is entitled to the remaining $1,153,732.50.

## III. CONCLUSION

The proceeds from the sale of the Marlborough Property shall be distributed in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 2, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5